IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAMARI S. ARMON, | ) | |
| individually and on behalf of | ) | |
| a class of persons similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | 12 CV 9565 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| VICTORIA'S SECRET STORES, LLC, | ) | Magistrate Judge Jeffrey T. Gilbert |
| an Ohio limited liability company | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, Shamari S. Armon, individually and on behalf of a class of similarly situated persons, by her attorneys, respectfully requests that this Court enter an Order determining that this action alleging violations of the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. (the "IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. (the "IWPCA"), be certified as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff defines the classes to be certified as follows:

> All persons who worked for Defendant as employees who were compensated, in part or in full, on an hourly basis in Illinois at any time between November 30, 2009 and the present who did not receive the full amount of regular or overtime wages earned and owed to them as a result of Defendant's bank deposit practices (the "IMWL Sub-Class").

> All persons who worked for Defendant as employees who were compensated, in part or in full, on an hourly basis in Illinois at any time between November 30, 2002 and the present who did not receive the full amount of regular or overtime wages earned and owed to them pursuant to Defendant's promises as a result of Defendant's bank deposit practices (the "IWPCA Sub-Class").

Plaintiff further requests that counsel for Plaintiff be appointed counsel for the class. In support of this motion, Plaintiff states as follows:

1. Plaintiff's claims are brought on a class basis against Defendant Victoria's Secret Stores, LLC. Defendant's business involves, among other things, selling women's clothing, lingerie, and beauty products at retail stores to customers throughout the United States and internationally under various brand names, including but not limited to, "Victoria's Secret". As of January 28, 2012, Defendant operated about 1,000 stores in the United States. This lawsuit includes employees who worked at Victoria's Secret stores now closed but which operated during the relevant statutory period.

2. Defendant's written policy and practice required and/or permitted Plaintiff and other similarly situated employees at some of its stores to carry significant amounts of cash and checks to Defendant's bank for deposit after the end of their scheduled shift time, but Defendant did not pay the employees any compensation for their time spent performing this work for it. Defendant's nation-wide off-the-clock policy relating to the unpaid night deposit work resulted from Defendant's unrealistic mandated budget hours for each store, as directed by Defendant's senior executives.

3. Defendant's requirement that Plaintiff and other similarly situated employees perform this service without compensating them caused Plaintiff and other similarly situated employees to work "off-the-clock" and without pay, in violation of the Illinois Minimum Wage Law, 820 ILCS § 105/4, and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/2.

4. Defendant had a policy and practice of requiring and/or permitting two hourly employees to complete a daily bank deposit after they have "clocked out" for the day and are off

are "off-the-clock", thereby causing Plaintiff and other similarly situated employees to work without pay.

5. Defendant did not accurately record all time worked by Plaintiff and other similarly situated employees, and specifically did not include time these employees spent performing integral and indispensable job duties, including handling bank deposits after the end of their scheduled shift time.

6. Defendant did not pay Plaintiff and other similarly situated employees to perform these and other integral and indispensable tasks, and the net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay regular and overtime compensation to Plaintiff and other similarly situated employees and willfully failed to keep accurate time records to save payroll costs. Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

7. Defendant's policy and practice of requiring and/or permitting its hourly employees to travel and complete a daily bank deposit at Defendant's bank while they were "off-the-clock" caused Plaintiff and other similarly situated employees to work without being properly compensated, as required by the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*

8. Defendant's failure to compensate Plaintiff and other similarly situated employees for such work has caused them to suffer harm.

9. Defendant's employees are entitled to minimum and overtime compensation for all time they spent performing bank deposit work for Defendant.

## CLASS CERTIFICATION REQUIREMENTS

10. Class certification is appropriate in this matter because:

      a. the class is so numerous that joinder of all members is impracticable;

      b. there are questions of law or fact common to the class;

      c. the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

      d. the representative parties will fairly and adequately protect the interests of the class;

      e. questions of law or fact common to class members predominate over any questions affecting only individual members; and

      f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

*See*, Fed. R. Civ. P. 23(a) and (b)(3).

11. All requirements of Sections (a) and (b)(3) of Federal Rule 23 have been met.

12. Plaintiff brings this action on her own behalf and on behalf of (1) All persons who worked for Defendant as hourly employees in Illinois at any time between November 30, 2009 and the present who did not receive the full amount of minimum or overtime wages earned and owed to them as a result of Defendant's bank deposit practices (the "IMWL Sub-Class"); and (2) All persons who worked for Defendant as hourly employees in Illinois at any time between November 30, 2002 and the present who did not receive the full amount of minimum or overtime wages earned and owed to them as a result of Defendant's bank deposit practices (the "IWPCA Sub-Class").

13. The Sub-Classes are so numerous that joinder of all members is impracticable. The exact size of the Sub-Classes is not known, but the size of the Sub-Classes and the identification of their members are subject to determination through information within the exclusive control of Defendant. Plaintiff believes that the number of putative class members in each Sub-Class will exceed 100.

14. There are questions of law and fact common to each Sub-Class, which questions predominate over any questions affecting only individual class members. The predominant common questions include the following:

    (a) Whether Defendant had a practice of (i) not compensating certain employees for services performed and/or (ii) not compensating certain employees for services performed after forty hours of work per week at a rate of one and one-half times the employee's regular hourly rate; and

    (b) Whether Defendant's conduct was willful.

15. Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

16. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of class members. Plaintiff has retained experienced counsel.

17. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

    (a) Individual employees are unlikely to recognize the violation;

    (b) Individual actions are uneconomical; and

    (c) There are no potential difficulties in managing a class action here, and the use of the class action form will save considerable judicial resources.

18. Plaintiff filed this motion at the same time she filed her Complaint pursuant to the directives in *Damasco v. Clearwire Corporation*, 662 F.3d 891 (7th Cir. 2011). Plaintiff intends to incorporate a memorandum of law in support of her motion at a later date, after certain initial discovery has been completed to support the memorandum.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action and that counsel for Plaintiff be appointed class counsel.

Dated: November 30, 2012

                                                            Respectfully submitted,

                                                            SHAMARI S. ARMON, individually and on behalf of a class of persons similarly situated,

                                                            /s/ James X. Bormes
                                                            One of Plaintiff's Attorneys

| | |
|---|---|
| James X. Bormes | Thomas M. Ryan |
| Catherine P. Sons | Law Office of Thomas M. Ryan, P.C. |
| Law Office of James X. Bormes, P.C. | 35 East Wacker Drive |
| 8 South Michigan Avenue | Suite 650 |
| Suite 2600 | Chicago, Illinois 60601 |
| Chicago, Illinois 60603 | (312) 726-3400 |
| (312) 201-0575 | |

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
221 North LaSalle Street
Suite 1414
Chicago, Illinois 60601
(312) 789-9700